Tighe E. Woods, Housing Expediter, Office of Housing Expediter, for and on behalf of the United States, Appellant, v. Max Hadesman and Agnes Hadesman, Appellees.

### Gen. No. 44,475.

Opinion filed May 24, 1949. Released for publication June 17, 1949.

ED DUPREE, General Counsel, HUGO V. PRUCHA, Assistant General Counsel, FRANCIS X. RILEY and NATHAN SIEGEL, Special Litigation Attorneys, and WILLIAM S. KAPLAN, Chief, Litigation Section, for appellant.

No appearance for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

February 6, 1948, Tighe E. Woods, housing expediter, filed a complaint in chancery pursuant to section

206 (a) and (b) of the Housing and Rent Act of 1947 (50 USCA 1896), which was subsequently amended, seeking to restrain defendants from actual or constructive eviction of their tenants by any means whatsoever contrary to the provisions of the Act, and asking affirmatively for a mandatory order to retain the same heating service to the building as was provided on June 30, 1947. The court sustained defendants' motion to dismiss the amended complaint and entered the order of dismissal from which plaintiff appeals.

Among the various reasons assigned by defendants in their motion to dismiss, were the following: (1) the amended complaint was faulty in that it pleaded a conclusion; (2) the court did not have jurisdiction of the proceeding under section 206 (b) of the Act; (3) the verification by plaintiff's attorney was hearsay as to the supporting affidavits; and (4) the tenants have an adequate remedy at law. It is impossible to determine from the record upon which of these reasons the court's order was predicated. However, from a careful examination of the pleadings and affidavits, it appears to us that the only ground which could have entered seriously into the court's consideration was the question (jurisdictional in its nature) whether the reduction in essential services constituted an increase in rent under the Act and regulation; the other reasons are purely technical and without merit.

Defendants have not filed a brief on appeal, but from the abstract and brief filed by plaintiff there appears to be no dispute as to the facts. The controversy involves an apartment building located at 3214–20 West Leland avenue in Chicago. Defendants as landlords were entitled to receive rentals for these accommodations, subject to the rent regulations for housing in effect June 30, 1947, in accordance with the Emergency Price Control Act, as amended, and the applicable regulations issued thereunder. Section 3 of the rent regulations for housing provides that every landlord,

as a minimum, shall provide with the housing accommodations, the same living space and same essential services, furniture, furnishings and equipment as those he was required to furnish on June 30, 1947. Section 2 of the regulations provides that no person shall demand or receive rent for or in connection with any housing accommodation higher than the maximum provided for by said regulation, and that a reduction in living space or in essential services, furnishings, furniture or equipment required by section 3, constitutes an increase in rent.

In the case at bar defendants discontinued the service of heat to the tenants, without an order authorizing such reduction as was required by section 5 (b) (1) of the Rent Regulation Act. Although the tenants repeatedly requested defendants to restore the service, and reported their failure to do so to the Board of Health of the City of Chicago, defendants nevertheless continued to withhold this service. Accordingly plaintiff filed this suit seeking, among other relief, to restrain defendants from continuing to withhold the service of heat, contrary to the act and regulation, and for the affirmative relief to restore the service withheld. Attached to the complaint were the affidavits of five tenants attesting to the fact that defendants withheld heat from the premises, and describing the hardship to the tenants resulting from such action. The complaint was properly verified by plaintiff's attorney, and notice was served on defendants that plaintiff would apply for a temporary injunction before Judge FINNEGAN of the circuit court on February 11, 1948. Thereafter defendants filed a petition for a change of venue, which was granted. The matter was assigned to Judge KLARKOWSKI, and pursuant to a hearing, the order from which plaintiff has appealed, was entered.

The gravamen of defendants' argument, as appears from the record and plaintiff's brief, was that an unlawful reduction in essential services did not constitute

such an unlawful increase in rent as to confer upon the court jurisdiction for the purposes of obtaining the injunctive relief in question.

It cannot be seriously contended that the housing expediter lacks authority, under the Act, to fix the maximum rental of premises within his jurisdiction. Section 2 of the rent regulation provides that a reduction in essential services shall constitute an increase in rent. Under the Emergency Price Control Act of 1942 the Emergency Court of Appeals frequently upheld the validity and propriety of administrative orders reducing rentals where services were reduced. *Benenson Realty Corp. v. Porter,* 158 F. (2d) 163; *Absar Realty Co. v. Bowles,* 149 F. (2d) 654. The manifest reasoning behind the rule enunciated in these decisions was that reduction in services constituted an increase in rent. This rule was consistently adhered to by the price administrator under the act. *In the Matter of Herman Landerman,* Docket No. RPA-VI-73-P, 4 OPA Op. and Dec. 3233, 3236, it was held that "if the tenant is required to pay the same rent and receives less services, it is as much an increase in rent as the payment of a higher rent for the same services would be"; and again, *In the Matter of Frederick Bartenstein,* Docket No. RPA-VIII-82-P, 4 OPA Op. and Dec. 3392, the administrator said that "the control of services under the regulation is exercised primarily for the purpose of assuring that the landlord does not in effect increase the maximum rent by a decrease in services. A withdrawal of services has much the same practical effect as an increase in rent." In *Porter v. Shibe,* 158 F. (2d) 68, the court compelled the landlord to restore cooking-gas services, and in the *Benenson* case, *supra,* where services were reduced, an order decreasing the rent was entered with the following comment: "The reason for making the decrease in rentals thus effective was because the services had been discontinued while the premises were occupied, without orders having been secured permitting the decrease

of services, and without a showing that it was impossible for the landlord to maintain the services." More specifically, in *Creedon v. Stratton,* 74 F. Supp. 170, which was the first case arising under the present rent Act, the court held that a decrease in services was an increase in rent. In that proceeding the expediter had filed suit pursuant to section 206 (b), as in the case at bar, for a mandatory injunction to restore discontinued services. The court held that the suit was properly filed, and that a decrease in services constituted an increase in rent. We think the rule is sound. It has been generally applied under similar circumstances whenever the question arose.

The expediter has written an able and comprehensive brief in the matter, but it seems to us unnecessary to discuss all of the points raised and the reasons argued for reversal. We are satisfied that the chancellor erred in dismissing the complaint. Defendants should at least have been required to answer. The decree of the circuit court is therefore reversed and the cause remanded with directions that the court sustain the sufficiency of the amended complaint, direct defendants to answer, and that the matter proceed to a hearing upon its merits.

*Decree reversed and cause remanded with directions.*
SULLIVAN, P. J., and SCANLAN, J., concur.